968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerrald AXELROD; Trisha Axelrod, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70346.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided July 15, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We have carefully reviewed the record. Judge Pajak did not abuse his discretion in refusing to disqualify himself under 28 U.S.C. § 455. His justified dissatisfaction with attorney Robert Gilleran's conduct in the proceedings was expressed orally from the bench and by way of sanctions. There is nothing in these expressions that would justify a finding that Judge Pajak was improperly biased or appeared to be so. See Matter of Yagman, 796 F.2d 1165, 1179 n. 16 (9th Cir.1986); Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir.1984).
 
 
 3
 The Axelrods rely on Preston v. United States, 923 F.2d 731 (9th Cir.1991). Preston is distinguishable. In that case, disqualification was specifically required under § 455(b)(2) because a lawyer with whom the judge previously practiced law served during their association as a lawyer in the matter. Id. at 734.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3